UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN SALAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DR. KOKOR, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-211-MJS<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 1<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

　　　　On February 18, 2014, Efrain Salazar ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

　　　　Plaintiff's Complaint is now before the Court for screening.  No other parties have appeared in the action.

I.　　**SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted,

or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

## II. **PLAINTIFF'S CLAIMS**

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("CSATF"), where the events at issue in his Complaint occurred. Plaintiff alleges that Defendants violated Plaintiff's rights under the Eighth Amendment by providing him with inadequate medical care. Plaintiff also alleges that Defendants subjected him to medical malpractice. Plaintiff names the following individuals as defendants: 1) Dr. Kokor, 2) California Health Care Department of Corrections, and 3) the State of California.

More specifically, Plaintiff's alleges as follows:

Plaintiff suffers from post-polio pain syndrome. (Compl. at 3.) Plaintiff saw Defendant Kokor on March 2013 and asked to be referred to a pain management specialist because his pain medication regimen was ineffective. (Id. at 3-4.) Defendant Kokor refused to recommend Plaintiff to a specialist or change Plaintiff's pain medications. (Id. at 4.) Due to Defendant Kokor's inaction, Plaintiff has experienced severe pain, spasms, and nausea. (Id.)

Plaintiff asks for $250,000 in punitive damages, $250,000 in compensatory damages, $250,000 in exemplary damages, and an injunction directing Defendants to provide Plaintiff with effective pain management treatment.

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

#### B. Eleventh Amendment Immunity

The Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted).

Plaintiff names the "California Health Care Department of Corrections" as a defendant. The correct name is the "California Department of Corrections and Rehabilitation's Division

of Correctional Health Care Services." It, however, is a state agency and entitled to Eleventh Amendment immunity from suit. The State of California also is named as a defendant, but it too is immune from suit. These Defendants should be dismissed from this action.

### C.  Eighth Amendment – Inadequate Medical Care

Plaintiff alleges that Defendant Kokor subjected him to inadequate medical care in violation of the Eighth Amendment by not providing him with proper pain treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

In addition to a serious medical condition, Plaintiff must also establish deliberate indifference. To show deliberate indifference, Plaintiff must show "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson, 290 F.3d at 1188).

Plaintiff's pleading does not allege sufficient facts to satisfy the deliberate indifference prerequisite of a cognizable Eighth Amendment inadequate medical care claim. Plaintiff will be given leave to amend this claim.

Plaintiff's grievances indicate that Plaintiff was seen by several medical professionals during his time at CSATF and all chose to follow Defendant Kokor's pain treatment plan, even though Plaintiff had previously been prescribed stronger pain medications. The Constitution does not require medical staff at CSATF to continue with the course of treatment prescribed by Plaintiff's prior doctors, and neither a change in treatment nor Plaintiff's disagreement with the change is sufficient to support a claim. Snow v. McDaniel, 681 F.3d 978, 987–88 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

To be clear, Plaintiff does not have to show that he was completely denied medical care in order to state a claim, Snow, 681 F.3d at 987–88, and prison officials must provide appropriate treatment for medical issues, including conditions which cause chronic pain, e.g., Snow, 681 F.3d at 990. However, Plaintiff must show more than a mere disagreement with the course of treatment chosen by Doctor Kokor. Plaintiff largely relies on conclusory allegations of deliberate indifference and inadequate pain relief.

"A difference of opinion between a physician and the prisoner-or between medical professionals-concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122–23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff will be allowed to file an amended complaint. In his amended complaint, Plaintiff should focus on why Doctor Kokor's refusal to provide Plaintiff with stronger pain medications reflects more than mere disagreement regarding treatment.

### D. State Claim

The Court need not address the viability of Plaintiff's state claims because the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable

federal claim.[1]  28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); see also Gini v. Las Vegas Metropolitan Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).  "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir.1989).

### E. Injunctive Relief

Plaintiff also seeks injunctive relief.  He requests an injunction ordering Defendants to provide him effective pain management treatment.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

Plaintiff has failed to show that he is likely to succeed on the merits since at this stage of the proceedings he has failed to state a cognizable claim.

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff fails to suggest a real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). Plaintiff has failed to satisfy this element.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns.  First, absent a showing sufficient to find harm to Plaintiff, there

---

[1] The Court expresses no opinion on such claims.

is nothing to tip the balance of equities in Plaintiff's favor.  Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend.  If Plaintiff chooses to amend, he must set forth sufficient facts satisfying the above elements.

## IV.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with an opportunity to amend to cure the deficiencies in his claim.  Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff=s constitutional rights, Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's Complaint, filed February 18, 2014, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 27, 2014            /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE