UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN SALAZAR,<br><br>              Plaintiff,<br><br>      v.<br><br>KOKOR, et al.,<br><br>              Defendants. | CASE NO. 1:14-cv-0211-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 7)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

The Court screened Plaintiff's complaint (ECF No. 1) and dismissed it for failure to state a claim, but gave leave to amend. (ECF No. 6.) Plaintiff has since filed a second amended complaint (ECF No. 7), which is now before the Court for screening.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at California Substance Abuse Treatment Facility ("CSATF"), where the events at issue in his complaint occurred. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by providing him with inadequate medical care. Plaintiff names the following individuals as defendants: 1) Dr. Kokor, 2) Dr. Enemoh, Chief Medical Officer at CSATF, and 3) C. Etchebehere, Associate Warden at CSATF.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff suffers from poliomyelitis and post-polio pain syndrome, which has left him partially paralyzed and suffering severe pain. Since March 11, 2013, he has complained to CSATF staff of pain in his lower back, hip, and left leg. He has submitted several health care appeals concerning these complaints. Defendants have refused to refer Plaintiff to a pain management specialist or provide effective pain medication. As a result, Plaintiff has suffered severe pain and emotional distress.

Plaintiff asks for $250,000 in punitive damages, $250,000 in general damages, $250,000 in special damages, and an injunction directing Defendants to provide Plaintiff with proper diagnostic testing and treatment.

### IV. ANALYSIS

#### A. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act

to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff must allege how each individual defendant personally participated in the deprivation of his rights. He has not so linked the defendants to his claims here. The Court will give him **one more opportunity** to amend his complaint and describe specifically what each defendant did to violate his rights.

### B.     Medical Indifference

A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's allegation that he suffers from poliomyelitis that has left him partially paralyzed and in severe pain is sufficient to allege a serious medical need.

However, Plaintiff has not alleged sufficient facts to show deliberate indifference on the part of Defendants. An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (9th Cir. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where

the doctor "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (existence of triable issue of fact as to whether defendant violated Eighth Amendment precluded the granting of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to choose his own medication, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

Plaintiff has not alleged sufficient facts for the Court to determine that his complaint alleges more than a mere difference of opinion regarding appropriate treatment and pain medication. The Court will provide Plaintiff with **one last opportunity** to amend. If Plaintiff chooses to amend, he must allege facts to show that he complained to prison officials that the prescribed medication was ineffective, that he continued to suffer severe pain, and that the Defendants knowingly, purposefully failed to respond to his complaints. Plaintiff must include the facts which support his claims in this regard. It is not enough just to allege wrongdoing.

### C. Injunctive Relief

Plaintiff requests an injunction ordering Defendants to provide him with proper diagnostic testing and treatment.

Injunctive relief is an "extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

1 suffer irreparable harm in the absence of preliminary relief, that the balance of equities
2 tips in his favor, and that an injunction is in the public interest." Id. (citations omitted).

3     Plaintiff has failed to show that he is likely to succeed on the merits since at this
4 stage of the proceedings he has failed to state a cognizable claim.

5     In cases brought by prisoners involving conditions of confinement, the Prison
6 Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly
7 drawn, extend no further than necessary to correct the harm the court finds requires
8 preliminary relief, and be the least intrusive means necessary to correct that harm." 18
9 U.S.C. § 3626(a).

10     Plaintiff fails to suggest a real and immediate threat of injury. See City of Los
11 Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and
12 immediate" threat of injury, and "[p]ast exposure to illegal conduct does not in itself show
13 a present case or controversy regarding injunctive relief . . . if unaccompanied by any
14 continuing, present, adverse effects."). Plaintiff has failed to satisfy this element.

15     Plaintiff does not address the third or fourth elements, i.e., the balancing of
16 equities and public interest concerns. First, absent a showing sufficient to find harm to
17 Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while
18 the public has an interest in providing the best practical prisoner care, the record before
19 the Court does not justify the Court substituting its judgment in these matters for that of
20 the prison medical staff.

21     The various criteria not having been met, Plaintiff is not entitled to injunctive relief.
22     The Court's prior screening order advised Plaintiff of these deficiencies and the
23 requirements for correcting them. (ECF No. 6 at 6-7.) Plaintiff's ongoing failure to correct
24 these deficiencies is reasonably construed as reflecting his inability to do so. Leave to
25 amend this claim would be futile and therefore will be denied.

## V.    CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a claim for relief. The Court will grant Plaintiff one last opportunity to file an amended complaint consistent with the foregoing. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his first amended complaint, filed April 28, 2014;

2. Plaintiff's first amended complaint (ECF No. 7) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   August 5, 2014                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE