UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN SALAZAR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KOKOR, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:14-cv-0211-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 11)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

Plaintiff's complaint (ECF No. 1) was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 6.) His first amended complaint (ECF No. 7) also was dismissed for failure to state a claim. (ECF No. 8.) Plaintiff's second amended complaint (ECF No. 11) is now before the Court for screening.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

1 | relief may be granted, or that seek monetary relief from a defendant who is immune from
2 | such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion
3 | thereof, that may have been paid, the court shall dismiss the case at any time if the court
4 | determines that . . . the action or appeal . . . fails to state a claim upon which relief may
5 | be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Pleasant Valley State Prison but complains of acts that occurred at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by providing him with inadequate medical care. Plaintiff names the following Defendants in their individual and official capacities: (1) Associate Warden C. Etchebehere, (2) Chief Medical Officer A. Enemoh, (3) Dr. Kokor Winfred, (4) A. Hunt, R.N., and (5) Does 1-100.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff suffers from poliomyelitis and post-polio pain syndrome, which has left him partially paralyzed and suffering severe pain. Plaintiff has experienced severe pain in his lower back and left leg, hip, knee, and foot since November 2010. Plaintiff believes Defendants have known of his condition since he transferred to CSATF in November 2010.

Plaintiff requires proper medical treatment and medical equipment. Defendants are aware of these needs. Defendants have delayed performing necessary medical tests and providing necessary medical treatment, including x-ray, MRI, EMG, and surgical intervention. Defendants have failed and refused to provide appropriate medications and dosages.

Plaintiff has suffered hostility and abuse after attempting to secure proper treatment. Defendants submitted false disciplinary reports, placed Plaintiff in administrative segregation without justification, and withheld medical appliances and medications.

Defendants denied Plaintiff access to a wheelchair. Plaintiff collapsed on several occasions, after which he was ordered to walk, and and he was verbally abused when

he fell down. Plaintiff was denied pain medication or an appropriate dosage after he collapsed.

Plaintiff has filed numerous appeals regarding this conduct. One appeal was granted in part by Defendant Hunt on April 10, 2013.

Plaintiff continues to suffer severe pain and emotional distress. He seeks compensatory and punitive damages.

**IV.   ANALYSIS**

   **A.   Linkage**

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff must allege how each individual Defendant personally participated in the deprivation of his rights. It is not sufficient for Plaintiff to list what he believes are Defendants' general job duties, even if Plaintiff believes those duties include supervision of prison medical care. Nor is it enough for Plaintiff to list the medical treatment and equipment he believes he requires. In order to proceed, Plaintiff must allege **specific facts** to suggest that **each Defendant** was aware of Plaintiff's specific medical need but purposefully failed to act.

Plaintiff also has not linked any Doe Defendants to alleged violation of his rights. Generally, Doe pleading is disfavored in this Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Nevertheless, Plaintiff may proceed against Doe Defendants if he numbers them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person. As with named Defendants, Plaintiff must identify how each Doe Defendant is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Court will allow Plaintiff **one more opportunity** to amend his complaint and describe specifically what each defendant did to violate his rights. If Plaintiff chooses to do so, he should focus his efforts on describing his interactions with each Defendant, if any, and how each Defendant was made aware of, and disregarded Plaintiff's specific medical needs.

### B.     Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the medical needs of the prisoner. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

Plaintiff's allegation that he suffers from poliomyelitis that has left him partially paralyzed and in severe pain is sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

Plaintiff's allegations regarding inadequate treatment may be read to suggest deliberate indifference to his serious medical need. However, for the reasons stated above, Plaintiff has failed to link any named Defendants to this violation. Plaintiff's conclusory allegation that all of the Defendants provided inadequate treatment, medication, and equipment is too vague to state a claim.

Again, if Plaintiff chooses to amend, he must allege facts to show that Defendants were aware of his severe pain and need for medical treatment, but purposefully failed to respond to his complaints. Plaintiff must include the facts which support his claims. It is not enough just to allege wrongdoing.

### C. Official Capacity Claims

Plaintiff names each defendant in their individual and official capacities.

Plaintiff's suit seeks only money damages. However, Plaintiff cannot recover money damages from state officials in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Official capacity suits may seek only prospective relief. See Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010). Plaintiff is unable to seek injunctive relief in this action because his transfer out of CSATF and Defendants' custody would render any such request moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

Accordingly, leave to amend official capacity claims would be futile and will be denied. If Plaintiff chooses to amend, he may proceed against Defendants only in their individual capacities.

### V. CONCLUSION AND ORDER

Plaintiff's second amended complaint does not state a claim for relief. The Court will grant Plaintiff one last opportunity to file an amended complaint consistent with the foregoing. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant

personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George, 507 F.3d at 607. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his second amended complaint, filed November 10, 2014;

2. Plaintiff's second amended complaint (ECF No. 11) is DISMISSED for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure

to comply with a court order subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 26, 2015              /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE