UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN SALAZAR,<br><br>   Plaintiff,<br><br> v.<br><br>WINFRED KOKOR,<br><br>   Defendant. | Case No. 1:14-cv-00211-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 32)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I. Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds against Defendant Dr. Winfred Kokor on Plaintiff's Eighth Amendment medical indifference claim. (ECF No. 19.)

Before the Court is Defendant's October 20, 2016 motion for summary judgment. (ECF No. 32.) Plaintiff filed an opposition. (ECF No. 38.) Defendant filed a reply (ECF No. 39) and objections to parts of Plaintiff's evidence (ECF No. 40). The matter is deemed submitted pursuant to Local Rule 230(l).

For the reasons set forth below, the Court will recommend that the motion be granted in part and denied in part.

## II. Defendant's Evidentiary Objections

Defendant objects to several statements in Plaintiff's declaration and to all of the exhibits attached to the declaration, namely Exhibit A, Plaintiff's administrative and health care appeal records, and Exhibits B through F, Plaintiff's medical records.

To the extent Defendant objects to Plaintiff's exhibits on grounds of authentication and foundation, the objections are unpersuasive. Defendant himself includes many of the same medical records in support of his motion. Nothing about the documents Plaintiff submits calls their authenticity into question. Moreover, Plaintiff may authenticate such documents at trial and need not do so at this stage. See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) ("[Rule 56] requires only that evidence 'would be admissible,' not that it presently *be* admissible. Such an exception to the authentication requirement is particularly warranted in cases such as this where the objecting party does not contest the authenticity of the evidence submitted but nevertheless makes an evidentiary objection based on purely procedural grounds.")

With respect to Defendant's objections to the relevance of the exhibits, the Court finds them relevant to the extent discussed below.

Defendant also objects that the exhibits contain inadmissible expert medical and legal opinions. Defendant does not elaborate on this objection or specify which portions of the records he finds objectionable. The Court will not, in any event, rely on any expert opinions reflected in Plaintiff's medical records in reaching its conclusion.

Most of the statements in Plaintiff's declaration to which Defendant objects consist of Plaintiff's characterization of or opinions about medical treatment rendered by Defendant. The Court will not rely on any such characterizations or opinions in reaching its conclusions here. Accordingly, with one exception discussed below, the Court need not and will not address these objections for the purposes of this motion.

Defendant makes numerous objections to the following statement by Plaintiff: "In response to paragraph 11, plaintiff alleges that morphine was clinically indicated for

post-polio pain syndrome by M.D. Nina Willis, UC Davis Appeals Coordinator Pain Management Specialist. See Exhibit." (ECF No. 40 at 2.) Defendant contends that this statement is not relevant, contains inadmissible medical and legal opinion, and that statements made by Dr. Willis constitute inadmissible hearsay.

Only evidence that would be admissible may be considered in ruling on a motion for summary judgment. Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002); see also Fed. R. Civ. P. 56(c). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. Fraser v. Goodale, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. Id. (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because, at trial, plaintiff's testimony of contents would not be hearsay). However, a court may not consider inadmissible hearsay evidence which could not be presented in an admissible form at trial. See Medina v. Multaler, Inc., 547 F. Supp. 2d 1099, 1122 (C.D. Cal. 2007) ("Medina bases much of her declaration on hearsay evidence that will not be admissible at trial. Medina will not, for example, be able to take the witness stand at trial and recount statements that constitute hearsay, double hearsay, or triple hearsay.").

Plaintiff is not competent to testify regarding which medications are medically appropriate to treat his condition. See Fed. R. Evid. 701, 702. To the extent Plaintiff offers his own opinion regarding appropriate medications, it will not be considered here. Id.; see also Calloway v. Contra Costa County Jail Correctional Officers, No. C 01-2689 SBA, 2007 WL 134581, at *19 (N.D. Cal. Jan. 16, 2007) (sustaining defendants' objection to plaintiff's declaration testimony when considering a motion for summary judgment, where plaintiff stated a medical conclusion regarding the condition of a bone in his arm). Plaintiff may testify regarding matters over which he has personal knowledge, Fed. R. Evid. 602, such as the fact that he previously was prescribed morphine. However, he may not testify regarding what he was told about this

medication, because such testimony, when offered for the truth of the matter asserted, constitutes inadmissible hearsay. Fed. R. Evid. 801(c), 802; see also McCoy v. Spidle, No. CV-07-198-SMM, 2011 WL 1486560, at *4 (E.D. Cal. Apr. 19, 2011) ("Witnesses generally cannot testify about out-of-court statements introduced for the truth of the matter asserted . . . ."). Thus, Plaintiff may not testify that he was told by Dr. Willis that he was being given morphine for purposes of treating his post-polio pain since the only relevance of such a statement would be to suggest that the medical expert deemed morphine an appropriate treatment for such a condition. Plaintiff presents nothing to suggest that such testimony could be presented in admissible form at trial. The Court has before it no declaration from Dr. Willis, nor any medical records to suggest that Plaintiff previously was prescribed morphine for the pain at issue in this action.

Plaintiff has made no showing that this fact could be presented in admissible form at trial, and thus, that his testimony should be considered for purposes of summary judgment. Cf. Fonseca v. Sysco Food Servs. of Arizona, Inc., 374 F.3d 840, 846 (9th Cir. 2004) (concluding that hearsay evidence could be presented in admissible form at trial); Fraser v. Goodale, 342 F.3d 1032, 1037 (9th Cir. 2003) (same). His testimony is therefore inadequate under Federal Rule of Civil Procedure 56. See Block v. City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir. 2001) (holding that an affidavit which contained hearsay statements that were not based on personal knowledge and failed to set forth facts that would be admissible in evidence did not meet the requirements of Rule 56).

Thus, this Court will consider the challenged statement to show only that Plaintiff was prescribed morphine in the past, but for no other purpose.

### III. Legal Standard

Any party may move for summary judgment, and a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Washington Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported

1 by: (1) Citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) Showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, a court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**IV.  Factual Background**

Based on the submissions of the parties, the Court finds the following facts to be undisputed unless otherwise noted.[1]

At all times relevant to Plaintiff's complaint, Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Defendant Kokor was a physician and surgeon employed at CSATF.

Plaintiff was diagnosed with poliomyelitis at a young age, although the precise age of diagnosis, which is immaterial here, is disputed. He was also diagnosed with

---

[1] Both parties present facts regarding Defendant's denial of Plaintiff's request for a wheelchair. However, no claim related thereto is raised against Defendant Kokor in Plaintiff's complaint (ECF No. 18). The Court dismissed, with prejudice, Plaintiff's claims against a separate defendant regarding denial of a wheelchair. (Id. at 8.) This case, and this motion, proceeds only on the claim that Plaintiff was provided inadequate medical care. (ECF No. 19.)

5

post-polio syndrome in 2006. The condition resulted in left foot deformity and chronic lower back pain. Before he arrived at CSATF, Plaintiff was seen by non-party physician Dr. Nina Willis, who prescribed him morphine and gabapentin. After his arrival at CSATF, however, Plaintiff's medication was discontinued by non-party Physician Assistant Byers. Defendant Kokor did not discontinue Plaintiff's medication, but did serve as Plaintiff's medical provider while Plaintiff was at CSATF from 2011 to 2014; Plaintiff saw Kokor approximately fifteen times for pain and post-polio syndrome symptoms during this period of time.

To treat Plaintiff's post-polio syndrome and the pain associated with it, Kokor prescribed a number of medications, including oxcarbazepine, Cymbalta, Tylenol, Tylenol 3, naproxen, and ibuprofen. Kokor also referred Plaintiff for orthotics and podiatry consultations. Throughout the time Kokor treated Plaintiff, Plaintiff consistently complained of pain in his back and left foot. (ECF No. 38 at 43, 49, 58, 67, 70-74, 111, 116.). Kokor, however, recorded his skepticism regarding Plaintiff's pain several times, noting, for instance, that he "doubt[s] if [Plaintiff] has any real pain," (ECF No. 32 at 28), that he is "[n]ot entirely sure if patient has pain," (ECF No. 32 at 32), and that Plaintiff "is narcotic seeking" (ECF No. 32 at 28). Additionally, Kokor consistently noted that "narcotics are not indicated for his condition." (ECF No. 38 at 49.) However, Plaintiff submits evidence indicating he received morphine for pain while he was hospitalized in Bakersfield in 2014, within the time period Kokor treated Plaintiff. (ECF No. 38 at 142.) Defendant Kokor, however, refused to prescribe Plaintiff morphine or any other opioid medication.

**V. Discussion**

    **A. Medical Indifference**

        **1. Legal Standard**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: (1) The seriousness of the prisoner's medical need; and (2) The nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. For deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. McGuckin, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. Id. at 1062. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. Id. at 1059; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).

An allegation that prison officials deliberately ignored a prisoner's complaint about the ineffective nature of prescribed pain medication and the pain being suffered as a result can, in some circumstances, give rise to a constitutional claim. See Chess v. Dovey, No. CIV S-07-1767 LKK DAD P., 2011 WL 567375, at *21 (E.D. Cal. Feb. 15, 2011) (denying summary judgment on Eighth Amendment claim where the doctor

1 "ignored plaintiff's complaint about the ineffective nature of the Tylenol, aspirin and other medications he was being given and the pain being suffered as a result"); Franklin v. Dudley, No. 2:07-cv-2259 FCD KJN P., 2010 WL 5477693, at *6 (E.D. Cal. Dec. 29, 2010) (holding that a triable issue of fact existed as to whether defendant violated Eighth Amendment, precluding grant of summary judgment where plaintiff was previously prescribed narcotic pain medication but now was given only Motrin, Naprosyn, and Tylenol under prison's no-narcotic policy). However, a prisoner does not have a constitutional right to the medication of his choice, and a mere difference of opinion regarding appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. Toguchi, 391 F.3d at 1058; Wilson v. Borg, No. 95-15720, 1995 WL 571481, at *2 (9th Cir. Sept. 27, 1995); Smith v. Norrish, No. 94-16906, 1995 WL 267126, at *1 (9th Cir. May 5, 1995); McMican v. Lewis, No. 94-16676, 1995 WL 247177, at *2 (9th Cir. Apr. 27, 1995).

### 2. Serious Medical Need

Although not directly raised in Defendant's motion for summary judgment, there appears to be a dispute between the parties as to whether Plaintiff suffered from a serious medical need. In the declaration submitted in support of his opposition, Plaintiff asserts Defendant Kokor "did not ever believe" Plaintiff was in pain. (ECF No. 38 at 7.) In medical records submitted in support of the motion for summary judgment, Defendant Kokor regularly notes his skepticism about Plaintiff's pain. For instance, Kokor noted that Plaintiff is "narcotic seeking" (ECF No. 32 at 28; ECF No. 38 at 111), that he "doubt(s) if [Plaintiff] has any real pain" (id.), and that Plaintiff is "a great manipulator" (ECF No. 32 at 32; ECF No. 38 at 74). In his declaration attached to the motion, Defendant states that post-polio pain ranges from mild to moderate and that his treatment of Plaintiff was appropriate and consistent with Plaintiff's symptoms. (ECF No. 32 at 5-6.)

The issue of whether Plaintiff suffered from a serious medical need cannot be resolved at summary judgment. Plaintiff states that he suffered from extreme pain, and

the record—including Plaintiff's medical records, his CDCR health care services request forms, and CSATF patient encounter forms—indicates that Plaintiff regularly complained of severe pain. (ECF Nos. 32, 38.) Defendant, a medical doctor qualified to give medical opinions, states that the pain was at most mild to moderate. (ECF No. 32 at 5.) A jury could credit either interpretation. At the very least, a reasonable juror could conclude that Plaintiff's complaints indicated a serious medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (stating that a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). Defendant has not shown an absence of evidence to support Plaintiff's case in this regard. See Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353-54 (9th Cir. 1994) ("[A]t summary judgment, the moving party bears the burden of showing there is an absence of evidence to support an element that the nonmoving party must prove at trial.") (citation omitted).

### 3. Deliberate Indifference

Defendant characterizes Plaintiff's claim as a demand for morphine. Defendant states that Plaintiff's condition is not susceptible to treatment with morphine, that morphine was not indicated, and that his decision to deny morphine was therefore appropriate and not deliberately indifferent. This is, however, an oversimplification of Plaintiff's claim. Plaintiff is not merely asserting that he was improperly denied morphine, but rather that he was denied adequate pain medication and, thus, that Defendant was deliberately indifferent to his serious medical need.

### a. Whether Morphine Should Have Been Prescribed

To the extent Plaintiff claims that the denial of morphine constitutes an aspect of his broader medical indifference claim, the Court will recommend summary adjudication in favor of Defendant. Plaintiff argues that morphine was indicated for his back and foot pain. However, as discussed above, he is not qualified to give such a medical opinion and he submits no opinion evidence from a qualified expert or any other evidence, such as that showing other physicians prescribed morphine for this post-polio pain, upon which a reasonable juror could find that morphine was medically indicated. While Plaintiff submits medical records from 2014 to show he received morphine at a hospital in Bakersfield, the records indicate that it was administered for diagnosed chest pain, not for post-polio pain. (ECF No. 38 at 142.) On the other hand, Defendant has presented uncontroverted declaration testimony that morphine was not indicated for Plaintiff's post-polio condition. (ECF No. 32 at 19.) Thus, the Court finds no competent evidence before it upon which a reasonable juror could find that Defendant was deliberately indifferent to Plaintiff's serious medical need by failing to provide morphine.

Accordingly, the Court will recommend that any claim based on the denial of morphine be summarily adjudicated in Defendant's favor.

### b. Inadequate Medical Care With Respect to Plaintiff's Pain

With respect to Plaintiff's broader inadequate medical care claim, there is no dispute but that Plaintiff suffered post-polio pain. The issue, then, is whether Defendant's skeptical and limited response to Plaintiff's complaints of such pain was sincere and in good faith or whether it reflected a deliberate indifference to Plaintiff's medical needs. Defendant's motion does not directly address this issue.

Kokor asserts that he "provided Plaintiff with medical care and treatment every time he saw him" and that he was "never deliberately indifferent to any serious medical needs." (ECF No. 32 at 6.) He further asserts that he has "never refused or denied Plaintiff appropriate medical treatment or evaluation." (Id. at 5-6.) Plaintiff, however, alleges that Kokor "did not ever believe" Plaintiff was in pain. (ECF No. 38 at 7.) This

assertion is supported by the record. Defendant Kokor recorded in a progress note dated January 16, 2013 the following: "Patient is manipulative" and "[d]oubt if he is in real pain." (ECF No. 32 at 30; ECF No. 38 at 67.) This is despite Plaintiff's assertion that he "repeatedly informed [Kokor] that the medication that he was prescribing for [Plaintiff] didn't work for his pain" and that Plaintiff has "suffered extreme severe sharp pains since his arrival to [CSATF]." (ECF No. 38 at 6.) Kokor's own records indicate that Plaintiff complained "of having severe pain" in his left foot on June 13, 2013, and that such pain was "not being controlled on current regimen." (Id. at 36.) Other progress notes record Plaintiff's consistent complaints of pain (id. at 38; 54), but also indicate that Kokor may have deliberately ignored such pain, calling Plaintiff a "great manipulator" (id. at 32). Based on such evidence, and drawing all inferences in the light most favorable to the nonmoving party, Redondo Beach, 657 F.3d at 942, a reasonable jury could find that Kokor was deliberately indifferent to Plaintiff's uncontrolled pain and thus render a verdict in favor of Plaintiff. Because Plaintiff presents evidence that demonstrates a genuine issue of fact, and because a jury could reasonably find in his favor on the basis of such evidence, summary judgment should be denied. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

As genuine issues of material fact exist as to whether Defendant Kokor was deliberately indifferent to Plaintiff's serious medical needs, the Court recommends that Kokor be denied summary judgment with respect to Plaintiff's claim for medical indifference.

**B. Qualified Immunity**

The doctrine of qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to qualified immunity, a court uses a two-part inquiry. Saucier v. Katz, 533 U.S. 194, 200 (2001). First, the court must determine if the facts viewed in the light

most favorable to the plaintiff state a violation of a constitutional right. Saucier, 533 U.S. at 200. Then, the court must determine if the right is clearly established so that a reasonable official would have known that his conduct was unlawful. Id.

The court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson, 555 U.S. at 236. The inquiry as to whether the right was clearly established is "solely a question of law for the judge." Dunn v. Castro, 621 F.3d 1196, 1199 (9th Cir. 2010) (quoting Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1085 (9th Cir. 2009)). In deciding whether officials are entitled to qualified immunity, a court is to view the evidence in the light most favorable to the plaintiff and resolve all material disputes in his or her favor. Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

Defendants may not be held liable for a violation of a right that is not clearly established at the time the violation occurred. Brown v. Oregon Dep't of Corrections, 751 F.3d 983, 990 (9th Cir. 2014). A constitutional right is clearly established when its contours are "sufficiently clear [so] that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002). The court is to look to the state of the law at the time the defendant acted to see if it gave fair warning that the alleged conduct was unconstitutional. Hope, 536 U.S. at 741. The unlawfulness of the official's act must be apparent in light of preexisting law. Id, at 739. The Supreme Court has emphasized that it is often difficult for an official to determine how relevant legal doctrine will apply to the specific situation that is faced and that is why qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law[.]" Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002).

Qualified immunity shields an official from personal liability where he reasonably believes that his conduct complies with the law. Pearson, 555 U.S. at 244. "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments.'" Stanton v. Sims, 134 S. Ct. 3, 5 (2013) (citations omitted). In determining

whether the defendant is entitled to qualified immunity, the court is to determine if "a reasonable officer would have had fair notice that [the action] was unlawful, and that any mistake to the contrary would have been unreasonable." Chappell v. Mandeville, 706 F.3d 1052, 1056-57 (9th Cir. 2013) (quoting Drummond ex rel. Drummond v. City of Anaheim, 343 F.3d 1052, 1060-61 (9th Cir. 2003)).

Because the Court has already determined there are sufficient facts upon which a jury could conclude that Defendant Kokor violated Plaintiff's constitutional rights, the Court considers only the second prong of the qualified immunity test: Whether the right was clearly established at the time of the alleged violation.

Here, the record reveals that Plaintiff consistently complained of pain and Defendant consistently discounted and declined to provide relief for such complaints, effectively ignoring them because he believed Plaintiff was engaged in manipulative, drug seeking behavior. Plaintiff's right to adequate medical care was clearly established at the time of these encounters. See McGuckin, 974 F.2d at 1059; Farmer, 511 U.S. at 837. These legal standards were well-established by the time Kokor committed his alleged conduct. Plaintiff complained of "severe" pain. (ECF No. 38 at 7.) "[T]he existence of chronic and substantial pain" demonstrates a serious medical need. McGuckin, 974 F.2d at 1060. Any reasonable official would understand that to deny treatment for such pain, or to ignore it, would constitute deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The Court concludes that a reasonable official in Defendant Kokor's position could not believe that such conduct, if found by the trier of fact to have been as Plaintiff characterizes it, would be lawful in light of clearly established law regarding medical indifference. See Lavender v. Lampert, 242 F. Supp. 2d 821, 842-43 (D. Or. 2002) (denying medical providers summary judgment on the basis of qualified immunity where providers ignored plaintiff's complaints of pain).

The Court recommends that Defendant be denied qualified immunity on Plaintiff's Eighth Amendment medical indifference claim.

**VI. Conclusion and Recommendation**

The allegations and supporting evidence demonstrate that questions of fact remain as to whether Defendant Kokor was deliberately indifferent to Plaintiff's serious medical needs by failing to provide adequate pain medication. However, the Court finds that, to the extent Plaintiff's Eighth Amendment medical indifference claim is based on Defendant's decision not to provide Plaintiff with morphine, Defendant is entitled to summary judgment as to that aspect of Plaintiff's claim.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant's motion for summary judgment (ECF No. 32) be GRANTED in part and DENIED in part.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 12, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

14