UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EFRAIN SALAZAR, | CASE NO. 1:14-cv-00211-AWI-MJS (PC) |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS** |
| DR. KOKOR, et al., | **(ECF No. 18)** |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Defendant Winfred Kokor has declined to consent to Magistrate Judge jurisdiction. (ECF No. 26.)

On September 21, 2015, the Court screened Plaintiff's third amended complaint and concluded that it states a cognizable Eighth Amendment claim against Dr. Winfred Kokor. (ECF No. 19.) The remaining claims and defendants were dismissed with prejudice for failure to state a claim. The matter since has proceed through discovery and summary judgment. It presently is set for a settlement conference on January 11, 2018, and trial on June 5, 2018. (ECF Nos. 44, 45.)

## I. Williams v. King

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the first amended complaint and they therefore had not appeared or consented to Magistrate Judge jurisdiction. Because the Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claims be dismissed.

## II. Findings and Recommendations on Third Amended Complaint

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## C. Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison but complains of acts that occurred at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by providing him with inadequate medical care. Plaintiff names the following Defendants in their individual capacities: (1) Chief Medical Officer A. Enemoh, (2) Dr.

Winfred Kokor, (3) Physician Assistant Timothy Byers, (4) Suzette Follett, R.N., and (5) Dr. Chang.

Plaintiff's allegations may be summarized essentially as follows:

In December 2006, Plaintiff was diagnosed with post-polio pain syndrome, left foot deformity, and chronic low back pain. Plaintiff was prescribed morphine sulphate and neurotine for pain and took them for four years until his transfer to CSATF.

Following his transfer to CSATF on or about January 17, 2011, Plaintiff's pain medication treatment was discontinued by Dr. Winfred Kokor and Physician Assistant Timothy Byers following an x-ray showing no acute fracture in Plaintiff's hip and lower back. Without reviewing Plaintiff's medical file, Byers initially decided that Plaintiff's medication would be cut off at once, but then tapered it down over a 14-day period.

Plaintiff filed an appeal over the discontinuation of his pain medication. Defendant Enenmoh reviewed and denied this appeal on September 19, 2011, deferring to the physician's choice of treatment given his experience and license.

From July 2011 through July 2014, Dr. Kokor was Plaintiff's medical provider. During that time, Plaintiff repeatedly informed Dr. Kokor that the medication prescribed for him did not help the pain. Despite knowledge of Plaintiff's persistent pain and ineffectiveness of the medication prescribed, Dr. Kokor repeatedly refused to modify the treatment plan and denied Plaintiff's requests to be seen by a pain management specialist because he did not believe Plaintiff's pain allegations. As a result, Plaintiff has suffered in extreme pain since his arrival at CSATF.

Plaintiff has filed numerous grievances concerning the medical care he has received. On April 10, 2013, he filed an appeal asking for proper medical attention and pain management treatment. Nurse Suzette Follett partially granted this appeal.[1] On June 13, 2013, Follett reviewed and denied another appeal.

---

[1] Plaintiff references this appeal, which was attached to his complaint filed on February 18, 2014, but is not attached to the operative third amended complaint. "[A]n amended pleading supersedes the original," see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989), and "[a]ll changed pleadings shall contain copies of all exhibits referred to in the changed pleadings," E.D. Local

4

Due to ongoing severe pain in his left leg and lower back, Plaintiff has fallen several times. On February 15, 2013, he was taken to the triage treatment area after falling on his face and suffering abrasions on his forehead. Plaintiff asked the triage doctor, Dr. Chang, for a wheelchair to help with mobility. Dr. Chang denied Plaintiff's request and told him to use a cane instead.

Plaintiff claims generally that Defendants failed to respond to his medical needs, including pain management; denied him the opportunity to have a second opinion from a different physician; and subjected him to hostility and abuse in apparent retaliation for Plaintiff's efforts to secure proper medical care. This conduct has included filing false disciplinary write-ups, placing Plaintiff in administrative segregation, withholding medical appliances, and denying Plaintiff's requests for a wheelchair.

Plaintiff asks for $250,000 in punitive damages, $250,000 in compensatory damages, and $250,000 in special damages.

**D.     Analysis**

**1.     Retaliation and Linkage**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton,

---

Rule 220. While "[p]ermission may be obtained from the Court, if desired, for the removal of any exhibit or exhibits attached to a superseded pleading, in order that the same may be attached to the changed pleading," Plaintiff has not sought permission here. Accordingly, the Court will not consider the attachments to Plaintiff's prior pleadings in determining the sufficiency of his allegations in the third amended complaint.

588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff alleges generally that Defendants retaliated against him in response to his requests for proper medical care. The alleged retaliatory conduct included filing false disciplinary write-ups, placing Plaintiff in administrative segregation, withholding medical appliances, and denying Plaintiff's requests for a wheelchair. Plaintiff was previously informed that he must allege specific facts in support of his claims as to each Defendant, not just base them on personal belief and speculation. He has failed to do so as to this claim. Following three unsuccessful attempts, two orders pointing out the deficiencies, and two opportunities to correct them, it appears Plaintiff has no such facts. This claim should be dismissed without leave to amend.

### 2. Review and Denial of Inmate Grievances

Plaintiff's claims as to Nurse Follett and Enenmoh are based on their allegedly improper denial of Plaintiff's inmate appeals. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, Iqbal, 129 S.Ct. at 1949–50; Moss, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeal, these Defendants knew of and disregarded a substantial risk of harm to Plaintiff. Farmer, 511 U.S. at 837. Nevertheless, because prison administrators cannot willfully turn a blind eye

to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). There are no facts to show that Defendants willfully turned a "blind eye" to constitutional violations. Jett, 439 F.3d at 1098. Thus, Defendants Follett and Enenmoh should be dismissed from this action.

### 3. Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at

1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the medical needs of the prisoner. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

Plaintiff's allegation that he suffers from post-polio pain syndrome, left foot deformity, and chronic low back pain is sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

Plaintiff's allegations regarding inadequate treatment may be read to suggest deliberate indifference to his serious medical need. In the third amended complaint, Plaintiff alleges that Defendants Dr. Kokor and Byers discontinued Plaintiff's pain medications upon his arrival at CSATF following a negative x-ray of Plaintiff's hip and lower back. Construing the pleading liberally, the Court finds that Plaintiff has sufficiently alleged that Dr. Kokor was aware of Plaintiff's chronic pain and nonetheless discontinued the medication needed to treat that pain.[2] On the other hand, Plaintiff's does not allege Defendant Byers was aware of Plaintiff's medical history at the time that the medication was discontinued. Plaintiff states that Byers "did not even open[] my medical file before" the medication was reduced. As these are the only charging

---

[2] However, to the extent this claim is based on the denial of morphine, the claim has been summarily adjudicated in Defendant Kokor's favor. (ECF Nos. 41, 43.)

allegations as to Byers, the Court should dismiss this Defendant; for the same reasons set forth above, the dismissal should be with prejudice

Following discontinuation of the medication, Dr. Kokor met with Plaintiff for the two years and repeatedly refused to modify his pain management plan because he declined to believe Plaintiff was in pain. He allegedly disregarded, without good cause, Plaintiff's chronic symptoms and documented medical history of long term treatment of a long term medical impairment. The Court finds that Plaintiff has stated an Eighth Amendment medical claim against Defendant Dr. Kokor.

Plaintiff's allegations as to Dr. Chang, though, are insufficient to state a claim. Plaintiff does not allege that this Defendant was aware of Plaintiff's medical diagnosis or his history of medical treatment. A mere denial of Plaintiff's request for a wheelchair does not amount to deliberate indifference. Thus, Dr. Chang should be dismissed from this action.

**III.     Conclusion and Recommendation**

In sum, Plaintiff's third amended complaint states a cognizable Eighth Amendment claim for inadequate medical care against Defendant Kokor but no other cognizable claims. Accordingly, it is HEREBY RECOMMENDED that this action continue to proceed only on Plaintiff's cognizable Eighth Amendment claim against Defendant Kokor, and that all other claims and defendants be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 1, 2017  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE